```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                          FLORENCE DIVISION
```

Troy Waymer,   #153769,              )     C/A No.  4:10-2098-TLW-TER
                                     )
                    Petitioner,      )
                                     )
vs.                                  )     Report and Recommendation
                                     )
Warden McKither Bodison,             )
                                     )
                    Respondent.      )

Petitioner, Troy Waymer ("Petitioner/Waymer"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 13, 2010. Respondent filed a motion for summary judgment on December 6, 2010, along with a return and supporting memorandum. The undersigned issued an order filed December 29, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed responses on December 16, 2010, and January 6, 2011. (Docs. #20 and #25).

It is recommended that this action be dismissed as barred by the statute of limitations, and there are no grounds for equitable tolling. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent.

Petitioner is currently confined in the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Dorchester County. Petitioner was indicted by the Dorchester County Grand Jury for Criminal Sexual Conduct with a Minor, 2nd Degree (2000-GS-18-1206) and Lewd Act upon a Child (2000-GS-18-1207). Petitioner was represented on the charges by Marva Hardee-Thomas, Esquire. On July 10-12, 2002, Petitioner proceeded to trial by jury and was found guilty as indicted. The trial judge, the Honorable Luke N. Brown, Jr., sentenced Petitioner to twenty (20) years confinement for CSC 2nd Degree and fifteen (15) years consecutive for Lewd Act upon a Child.

*The Direct Appeal*

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals by way of an Anders brief. Petitioner was represented in the direct appeal by Robert M. Pachak, Esquire, Assistant Appellate Defender. In the Anders brief, Petitioner raised the following issue: "Whether the trial court erred in allowing the victims' mother to place appellant's character in issue?" (Anders, brief, p. 3, within the App.). Mr. Pachak asserted to the Court that he had reviewed the record and found the appeal to be without merit. On September 17, 2002, after a thorough review of the record and counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), the South Carolina Court of Appeals dismissed Petitioner's appeal and granted appellate counsel's motion to be relieved. State v. Waymer, Op. No.

2002-UP-583 (Ct. App. filed September 17, 2002). The Remittitur was issued on October 22, 2002.

***The 1st PCR Action***

Petitioner filed a PCR action on January 8, 2002. (03-CP-18-29). Petitioner was represented in this action by Darrell Johnson, Esquire. In the application, Petitioner alleged he was being held in custody unlawfully due to ineffective assistance of trial counsel and lack of subject matter jurisdiction in the trial court. Respondent filed a Return and was represented by Assistant Attorney General Paula S. Magargle. An evidentiary hearing was convened at the Dorchester County Courthouse on November 15, 2004, before the Honorable James C. Williams, Jr. On January 26, 2005, the PCR Court issued an Order of Dismissal denying and dismissing all of Petitioner's allegations with prejudice. The Order was filed with the Dorchester County Clerk of Court on January 27, 2005. (See App., the Honorable James Williams, pp. 423-432.

Petitioner appealed from the denial of post-conviction relief by way of a <u>Johnson</u> Petition to the South Carolina Supreme Court. Petitioner was represented in the appeal by Robert M. Pachak, Assistant Appellate Defender. Petitioner raised one issue on appeal from the denial of PCR: "Whether defense counsel was ineffective in failing to move to quash the indictment for criminal sexual conduct when it failed to allege any of the essential elements of sexual battery?" (<u>Johnson</u> Petition, p. 2). Mr. Pachak certified to the Court, that in his opinion, the appeal was without merit and requested that he be relieved as collateral appellate counsel. Petitioner filed a *pro se* response. In his pro se response, Petitioner raised the following two issues:

  I.   Did the trial court lack subject matter jurisdiction to impose conviction and sentence upon the petitioner.

  II.  (1)Was petitioner trial counsel ineffective for failing to call an independent expert witness for the defense. (2) Failing to render meaningful defense. (3)

3

> Failing to conduct an appropriate legal and factual investigation. 4) Failing to subpoena and call a witness D.S.S. case worker.

(See *pro se* Response to Johnson Petition, p. 1). The State filed a letter in lieu of a formal return. On July 20, 2006, the South Carolina Supreme Court, after careful consideration of the entire record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), denied the petition and granted collateral appellate counsel's request to withdraw. The Remittitur was issued on August 7, 2006.

*The State Habeas/Second PCR Action*

On August 24, 2006, Petitioner filed an action titled "Petition for Writ of Habeas Corpus" (State habeas corpus). (2006-CP-18, 1374). The State filed a Return and Motion to Dismiss. Petitioner thereafter filed an "Amended Application for Post-Conviction Relief" given the same case number. Petitioner thereafter filed an "Amended Petition for State Writ of Habeas Corpus," which was given the same case number. On June 26, 2007, a hearing was convened at the Dorchester County Courthouse into the matter before the Honorable Diane Shafer Goodstein, Circuit Court Judge ("the 2 PCR Court"). Present at the hearing was Petitioner's counsel Charles Brooks, Esquire. Respondent was represented at the hearing by Assistant Attorney General Lance Boozer. The Court found that all allegations of this action must be dismissed because the current PCR action was successive to Petitioner's prior application for PCR, it was time barred, and the trial court had subject matter jurisdiction. Therefore, on September 7, 2007, the second PCR Court issued an Order of Dismissal with Prejudice, granting Respondent's Motion to Dismiss and denying and dismissing Petitioner's 2006 filings with prejudice.

Petitioner appealed from Judge Goodstein's Order of Dismissal with Prejudice by way of a Johnson Petition to the South Carolina Supreme Court. In the Johnson Petition, Petitioner raised the following issue: "Did the Circuit Judge err reversibly in denying and dismissing the Petition for Writ

4

of State Habeas Corpus which were timely filed, not successive, and which raised issues of constitutional violations regarding Petitioner's continued confinement, cognizable under the State habeas law?" (*See* Johnson Petition, the Honorable Diane Schafer Goodstein, p. 2). Petitioner was represented in the appeal by M. Celia Robinson, Assistant Appellate Defender. Ms. Robinson certified to the Court that she had reviewed the record, and the appeal was without merit. She moved to be relieved as counsel. Petitioner did not file a *pro se* response. The State filed a letter in lieu of a return to the Johnson Petition. On December 7, 2009, after consideration of the entire record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur was issued December 23, 2009.

## II.  GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim:

Ground One: Was trial counsel ineffective for failing to object/motion to quash the indictment prior to trial as mandated by S.C. Code 17-19-90 which failed to allege any of the essential elements of sexual battery which denied Petitioner due-process?

Ground Two: Was the no corroboration charge given by trial judge an impermissible charge of the facts that violate Petitioner['s] right to due-process as guaranteed by the 14th Amendment?

Ground Three: Is Petitioner entitled to new sentencing on basis that his sentence is unconstitutional in violation of due-Process and Equal Protection Clauses of the South Carolina Constitution, Article 1,§3 and the 14th Amendment of the U.S. Constitution in that the South Carolina State Legislature exceeded its constitutional authority by enactments of laws in violation of South Carolina Article 12 Section 2.

(Petition).

### III.  SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable

to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  STANDARD OF REVIEW

Since Waymer filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

> Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, the South Carolina Court of Appeals issued an opinion dismissing the direct appeal, and the Remittitur was issued on October 22, 2002. Petitioner had already filed his PCR application on January 8, 2002, and it was denied. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. Petitioner appealed the denial of his PCR application and the Remittiur was issued by the South Carolina Supreme Court on August 7, 2006.Therefore, under the AEDPA one year statute of limitations, Petitioner had one year to file his federal habeas petition. Petitioner filed a second state habeas action which was deemed to be a second PCR, and it was dismissed as successive and time barred. The statute of limitations was not tolled by the filing of the second PCR action because it was not "properly" filed.  Petitioner filed this habeas petition on August 13, 2010, with a Houston v. Lack delivery date of August 8, 2010, based on the stamped date on the envelope. Thus, the time is well outside the limitations period.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000),  the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d).  In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996.  Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period.  This petition remained "pending" in state courts until January

> 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

In his responses in opposition to the motion for summary judgment, Petitioner asserts that his petition should not be dismissed on the limitations issue. Petitioner asserts that the time during his "second PCR" application tolled the statute of limitations and that his filing should have been considered as a state habeas not a PCR application. However, this time period would not be tolled as it was not a "properly filed" application for state collateral relief. See 28 U.S.C. 2244(d)(2). Furthermore, "A person is procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application. Furthermore, if a person is procedurally barred, his only means of obtaining state habeas corpus relief is to file a petition in the original jurisdiction of the Supreme Court." Keeler v. Mauney, 330 S.C. 568, 571, 500 S.E.2d 123, 124 (Ct. App. 1998) *cited* in Coleman v. Warden, Lieber Correctional Institution, 2009 WL 367532 (D.S.C. Feb. 13, 2009). As the PCR court concluded, the issues raised in Petitioner's "writ for state habeas" could have been raised in his PCR application. Therefore, Petitioner was procedurally barred from filing a writ of state habeas in the circuit court. Additionally, the PCR court determined that the habeas petition was treated as a successive PCR application and it was denied for "failure to file within the statue of limitations time period mandated by the South Carolina Post Conviction Procedure Act." (Tr. 319). Hence, South Carolina case law

dictates the South Carolina Supreme Court is the only court that a state habeas petition should be filed.

Additionally, the undersigned concludes there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations and Petitioner is not entitled to equitable tolling.

### VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #18) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

IT IS FURTHER RECOMMENDED that any outstanding motion be deemed moot.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 24, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

13